UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CAPE CANAVERAL SHRIMP**
**COMPANY, INC., a.k.a.**
**Wild Ocean Seafood Market,**

            **Plaintiff,**

**-vs-**                                          **Case No. 6:07-cv-949-Orl-19DAB**

**CANAVERAL PORT AUTHORITY**
**BOARD OF COMMISSIONERS,**

            **Defendant.**

_____

## ORDER

This case comes before the Court on the following:

1. Defendant Canaveral Port Authority Board of Commissioners' Motion To Dismiss Second Amended Complaint And Memorandum Of Law (Doc. No. 24, filed Sept. 6, 2007); and

2. Plaintiff Cape Canaveral Shrimp Company, Inc.'s Response To Defendant's Motion To Dismiss Second Amended Complaint And Memorandum Of Law (Doc. No. 28, filed Sept. 19, 2007).

**Background**

Plaintiff Cape Canaveral Shrimp Company, Inc. filed a Second Amended Complaint against Defendant Canaveral Port Authority Board of Commissioners under 42 U.S.C. § 1983 (2006). (Doc. No. 13, filed July 20, 2007.) Specifically, Plaintiff alleged that Defendant violated the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution by "selectively enforcing security requirements upon the Plaintiff and refusing to treat other businesses equally . . . ." (*Id.* at

p. 7, ¶ 34.) Plaintiff seeks damages, a temporary injunction, and a permanent injunction against Defendant. (*Id.* at pp. 7-8.) Defendant filed a Motion to dismiss Plaintiff's Second Amended Complaint for failure to state a claim for which relief may be granted. (Doc. No. 24 at p. 3, filed Sept. 6, 2007.)

**Standard of Review**

For the purposes of a motion to dismiss, a district court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. *See Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (abrogated on other grounds). A court must limit its consideration to this pleading and the written instruments attached to it as exhibits.[1] Fed. R. Civ. P. 12(b); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007).

**Analysis**

To state a claim for a violation of equal protection against a "class of one," a plaintiff must allege "that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam); *Griffin Indus., Inc. v. Irvin*, No. 06-12370, 2007 WL 2363343, at *9 (11th Cir. Aug. 21, 2007). Here, Plaintiff has alleged that it was intentionally discriminated against (Doc.

---

[1] The Court accordingly declines to consider the exhibits submitted with Defendant's Motion. *See* Fed. R. Civ. P. 12(b).

No. 13 at p. 6, ¶ 27) and that Defendant acted with malicious intent (*id.* ¶ 26). Plaintiff has further averred that other similarly situated businesses in Port Canaveral have not been subject to this treatment. (*Id.* at p. 4, ¶ 17.) Finally, Plaintiff claims that Defendant acted arbitrarily and without any reasonable basis. (*Id.* ¶ 13.) Thus, Plaintiff has pled the elements of a "class of one" equal protection violation, and this suffices to give Defendant notice of Plaintiff's claim.[2] The Court must therefore deny Defendant's Motion.

## Conclusion

For the foregoing reasons, the Court **DENIES** Defendant's Motion to dismiss Plaintiff's Second Amended Complaint. (Doc. No. 24.)

**DONE** and **ORDERED** in Chambers in Orlando, Florida on September 25, 2007.

*/s/ Patricia C. Fawsett*
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[2] Defendant argues that Plaintiff's Second Amended Complaint should be dismissed for failing to provide specific factual bases for Defendant's alleged intent to discriminate. (Doc. No. 24 at p. 7.) Defendant appears to confuse the notice standard of pleading under Federal Rule of Civil Procedure 8(a) with the heightened standard of pleading required in cases alleging RICO violations. *See, e.g.*, *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 949 (11th Cir. 1997). Rule 8(a) merely requires "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Plaintiff has met this standard.